FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| STEVEN HYPOLITE, | No. 10-16365 |
| Plaintiff - Appellant, | D.C. No. 2:05-cv-00428-MCE-KJN |
| v. | |
| CALIFORNIA DEPARTMENT OF CORRECTIONS; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., Chief District Judge, Presiding

Argued and Submitted October 6, 2014
San Francisco, California

Before: O'SCANNLAIN, THOMAS, and McKEOWN, Circuit Judges.

California state prisoner Steven Hypolite appeals from the district court's

grant of summary judgment on his damages claims alleging violations of the

Religious Land Use and Institutionalized Persons Act ("RLUIPA"). The district

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

court granted summary judgment to the defendants, including the Secretary of the California Department of Corrections, the Warden of the California Medical Facility prison, and numerous other prison officials, on Hypolite's official capacity claims because of the defendants' Eleventh Amendment sovereign immunity. It also granted summary judgment to the defendants on Hypolite's individual capacity claims for money damages, reasoning that RLUIPA does not create a cause of action for such claims.

On appeal, Hypolite contends that the defendants waived sovereign immunity by extensively litigating his claims. Thus, Hypolite argues that the district court erred when it granted summary judgment to the defendants based on their sovereign immunity. Hypolite also contends that the district court erred when it held that RLUIPA does not authorize money damages for individual capacity claims.[1]

The "test for determining whether a State has waived its immunity from federal-court jurisdiction is a stringent one." *Coll. Sav. Bank v. Fla. Prepaid Postsecondary Ed. Expense Bd.*, 527 U.S. 666, 675 (1999) (quoting *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 241 (1985)). In general, "[t]he fact that the

---

[1] Defendants' Motion for Summary Affirmance is denied. Hypolite's Request for Judicial Notice is granted. Defendants' Motion to Strike is denied as moot.

State appeared and offered defenses on the merits does not foreclose consideration of the Eleventh Amendment issue . . . ." *Fla. Dept. of State v. Treasure Salvors, Inc.*, 458 U.S. 670, 683 n.18 (1982).

"A waiver of Eleventh Amendment immunity must unequivocally evidence the state's intention to subject itself to the jurisdiction of the federal court." *Hill v. Blind Indus. & Servs.*, 179 F.3d 754, 758, *amended on denial of reh'g by* 201 F.3d 1186 (9th Cir. 1999). While "waiver must be unambiguous" an "express written waiver" is not "invariably required." *Id*. "[C]onduct that is incompatible with an intent to preserve" Eleventh Amendment immunity may waive that immunity. *Id*.

Here, the defendants did not unequivocally waive Eleventh Amendment immunity. The defendants raised their sovereign immunity promptly after the magistrate judge requested supplemental briefing and before he issued his report and recommendation on the motion for summary judgment. Moreover, there is no indication that the defendants sought tactical advantage by waiting to raise sovereign immunity in this case. *See*, *e.g.*, *Hill*, 179 F.3d at 756-57 (explaining that state "hedged its bet" when it waited until the day of trial to raise sovereign immunity defense); *In re Bliemeister*, 296 F.3d 858, 862 (9th Cir. 2002) (finding that the state made a "tactical decision" when it asserted sovereign immunity after the trial court suggested its leanings on a motion for summary judgment).

3

Hypolite also contends that the district court erred when it granted summary judgment to the defendants on his individual capacity claims. He argues that RLUIPA allows him to recover damages from the defendants in their individual capacities because Congress enacted RLUIPA under Section 5 of the 14th Amendment. But "Congress . . . enact[ed] RLUIPA pursuant to its Spending Clause and Commerce Clause authority." *Sossamon v. Lone Star State of Tex.*, 131 S. Ct. 1651, 1656 (2011); *see also Wood v. Yordy*, 753 F.3d 899, 901 (9th Cir. 2014) ("RLUIPA was enacted pursuant to Congress's constitutional powers under the Spending Clause . . ."). RLUIPA, therefore, does not authorize damages against defendants in their individual capacities. *Wood*, 753 F.3d at 904 ("[T]here is nothing in the language or structure of RLUIPA to suggest that Congress contemplated liability of government employees in an individual capacity.").

**AFFIRMED**